**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DAMON ZENGOTITA,

    Plaintiff,

    v.

STATE OF NEW JERSEY, *et al.*,

    Defendants.

Case No. 2:20-cv-01674 (BRM) (JSA)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is a Motion to Dismiss (ECF No. 28) filed by Defendants the State of New Jersey (the "State"), Essex County Prosecutor's Office ("ECPO"), Carolyn A. Murray ("Murray"), Nazeen Kahn ("Kahn"), Jennifer Fetterman ("Fetterman"), Jose Ramirez ("Ramirez"), John Marcelli ("Marcelli"), Randolph Root ("Root"), and Michael DeMaio ("DeMaio") (collectively, "Moving Defendants") seeking to dismiss with prejudice Plaintiff Damon Zengotita's ("Plaintiff") Complaint (ECF No. 2) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposed the motion. (ECF No. 29.) Moving Defendants replied. (ECF No. 31.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Motion is **GRANTED**.

I.  **BACKGROUND**

A.  **Factual Background**

For purposes of this Motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter arises out of Plaintiff's arrest, detention, and subsequent acquittal for an unspecified criminal offense. (*See generally* ECF No. 2.) Plaintiff claims that on June 22, 2012, employees of the ECPO and Essex County Sherriff's Office unlawfully conducted a motor vehicle stop and arrested him without probable cause. (*Id.* at 1, 8.) According to an ECPO report of the stop attached to the Complaint, Detective Reginald Holloway conducted the stop in an effort to locate a possible witness to a homicide. (*Id.* at 6.) The report noted Plaintiff, who was driving the motor vehicle, matched the description of the witness. (*Id.*) During the stop, Plaintiff was asked for "his documents" but was unable to produce his driver's license. (*Id.*) Lieutenant Daniel Francis of the ECPO then requested, and Plaintiff agreed, Plaintiff accompany Detective Holloway to the ECPO for an interview. (*Id.* at 7.) Upon arrival, Lieutenant Francis escorted Plaintiff to an interview room and informed him "he was not under arrest." (*Id.*) He asked Plaintiff if he was willing to speak with detectives, and Plaintiff agreed to do so. (*Id.*)

Plaintiff alleges the ECPO report was "fabricated," "[t]here was no probable cause whatsoever to perform this alleged traffic stop," and he "had all of the required documents to legally operate a motor vehicle" at the time of the stop. (*Id.* at 8.) He further alleges the detectives

2

illegally searched and seized his vehicle and obtained a warrant for Plaintiff by falsely stating in affidavits that they had probable cause to conduct the motor vehicle stop. (*Id.* at 9.) Plaintiff was held in detention at the Essex County Correctional Facility from June 22, 2012, until his acquittal on or about June 28, 2017. (*Id.* at 5.)

### B. Procedural History

On or about June 27, 2019, Plaintiff filed a Complaint in the Superior Court of New Jersey against the following individuals and entities: (1) the State; (2) ECPO; (3) Murray; (4) Kahn; (5) Fetterman; (6) Ramirez; (7) Marcelli; (8) Root; (9) DeMaio; (10) the Essex County Sherriff's Department; (11) the Honorable Michael A. Petrolle, J.S.C.; (12) Daniel Francis; (13) John Zutic; (14) Thomas McEnroe; (15) Peter Cassidy; (16) Reginald Holloway; (17) Youletta Rainey; (18) Rudolph Simmonds; (19) Dente Brothers Towing; and (20) fictitious defendants "John Does (1-100)" and "Jane Does (1-100)." (ECF Nos. 1 & 2.)[1] The Complaint asserts a litany of constitutional and tort claims arising under, *inter alia*, 42 U.S.C. § 1983, the New Jersey Civil Rights Act ("NJCRA"), and common law tort principles, including for violations of the Fourth, Fifth, and Sixth Amendments to the United States Constitution, false arrest, false imprisonment, malicious prosecution, invasion of privacy, "illegal search & seizure," "deprivation of civil rights & protections," "criminal acts by public servants," "abuse of power in office," and "injuries sustained during incarceration." (ECF No. 2 at 5, 12.) Plaintiff filed the Complaint *pro se* but has since retained counsel. (*See* ECF Nos. 2 & 6.)

---

[1] Although the Complaint was marked "received" on June 27, 2019, it was marked "filed" on July 11, 2019, when Plaintiff's fee waiver application was granted. (*See* ECF No. 2 at 15, 17.)

On February 18, 2020, the Essex County Sherriff's Office removed the matter to this Court. (ECF No. 1.)[2] Because the Complaint presents a federal question, this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331. On September 21, 2021, the Moving Defendants filed the Motion presently before the Court. (ECF No. 28.)[3] On October 4, 2021, Plaintiff opposed the Motion (ECF No. 29). On October 12, 2021, Moving Defendants filed a reply. (ECF No. 31.)

## II.   LEGAL STANDARD

### A.  Rule 12(b)(1)

Rule 12(b)(1) mandates the dismissal of a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). An assertion of Eleventh Amendment immunity is a challenge to a district court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.") (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). Typically, when jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the court that subject-matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). However, because "Eleventh Amendment immunity can be expressly waived by a party, or forfeited through non-assertion, it does not implicate federal subject matter jurisdiction in the ordinary sense," and therefore, a party asserting Eleventh Amendment immunity bears the burden of proving its applicability. *Christy v.*

---

[2] The Essex County Sherriff's Office, named in the Complaint as the "Essex County Sherriff's Department," was later dismissed without prejudice pursuant to a stipulation entered into by the parties on March 19, 2021. (ECF Nos. 16 & 17.)

[3] Aside from "John Does (1-100)" and "Jane Does (1-100)," all non-Moving Defendants have since been dismissed from this case. (*See* ECF Nos. 17, 22, 32.)

4

*Pa. Turnpike Comm.*, 54 F.3d 1140, 1144 (3d Cir. 1994); *see also Carter v. City of Philadelphia*, 181 F.3d 339, 347 (3d Cir. 1999).

When evaluating a Rule 12(b)(1) motion to dismiss, a court must first determine whether the motion attacks the complaint as deficient on its face, or whether the motion attacks the existence of subject-matter jurisdiction in fact, apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the motion consists of a facial attack, the court "must accept the complaint's allegations as true," *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002), and "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891). However, if the motion involves a factual attack, "the court may consider evidence outside the pleadings." *Gould*, 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178–79 (3d Cir. 1997)). Here, the Motion to Dismiss is a facial attack because Moving Defendants assert they are immune from Plaintiff's claims as pled. Therefore, on the question of sovereign immunity, the Court's review here is limited to the allegations in the Complaint, which the Court must accept as true and view in the light most favorable to Plaintiff.

## B. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

5

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 548 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss:

6

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220).

### III. DECISION

Moving Defendants advance four arguments in support of dismissal. First, they contend all of Plaintiff's claims are barred by the applicable statute of limitations. (ECF No. 28-1 at 18–20.) Second, Moving Defendants assert they are immune from suit under the Eleventh Amendment. (*Id.* at 20–22.) Third, they argue Plaintiff's federal and state constitutional claims must be dismissed because Moving Defendants are not "persons" amenable to suit under § 1983 or the NJCRA. (*Id.* at 23–26.) Finally, they argue Plaintiff's tort claims must be dismissed pursuant to the New Jersey Tort Claims Act ("NJTCA"). (*Id.* at 27–43.) The Court addresses each argument in turn.

### A. Statute of Limitations

Moving Defendants contend the Complaint must be dismissed in its entirety because all of Plaintiff's claims are time-barred. (ECF No. 28-1 at 18–20). Plaintiff counters any claims that accrued on the date of his June 28, 2017 acquittal are timely, and the statute of limitations should be equitably tolled for any otherwise untimely claims. (ECF No. 29 at 19–21.)

As the parties agree, all claims asserted in the Complaint are subject to a two-year statute of limitations. (*See* ECF No. 28-1 at 18–19; ECF No. 29 at 20.) The Complaint broadly seeks damages under § 1983, the NJCRA, and/or common law tort principles for injuries resulting from, *inter alia*, Moving Defendants' illegal search and seizure, false arrest, false imprisonment, malicious prosecution, "abuse of power in office," invasion of privacy, and official deprivation of civil rights. In New Jersey, the statute of limitations for personal injury actions is two years. N.J. Stat. Ann. § 2A:14-2. Both § 1983 and NJCRA claims are governed by the state personal injury statute of limitations, *Parodi v. McLaughlin*, Civ. A. No. 08-1095, 2009 WL 197575, at *2 (D.N.J. Jan. 26, 2009); *Bullock v. Borough of Roselle*, Civ. A. No. 17-13208, 2018 WL 4179481, at *9 (D.N.J. Aug. 31, 2018), and generally accrue "when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Bullock*, 2018 WL 4179481, at *5, 9 (internal citations and quotation marks omitted). As Plaintiff commenced this action on or about June 27, 2019, the claims must have accrued on or after June 27, 2017, in order to be timely.

Here, of the legally cognizable claims asserted in the Complaint, only Plaintiff's false imprisonment and malicious prosecution claims are not time-barred on their face. False imprisonment claims accrue "when 'a person is detained without legal process (the claims end once that person is held pursuant to legal process, such as when a person is bound over by a magistrate or arraigned on charges).'" *Atwell v. Off. of the Pub. Def., Vernon Estreicher*, Civ. A.

8

No. 17-0507, 2017 WL 6493146, at *5 (D.N.J. Dec. 19, 2017) (quoting *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011)). By contrast, a malicious prosecution claim does not begin to accrue "until the criminal proceeding has terminated in a plaintiff's favor." *Geissler v. City of Atl. City*, 198 F. Supp. 3d 389, 402 (D.N.J. 2016). Because Plaintiff alleges he was acquitted on or about June 28, 2017, his malicious prosecution claim falls within the two-year limitations period. As to his false imprisonment claim, the Complaint does not specify the date on which Plaintiff was arraigned or otherwise held pursuant to legal process. The Complaint does allege, however, that Plaintiff was acquitted on June 28, 2017. Thus, construing the Complaint in the light most favorable to Plaintiff, the latest possible date on which Plaintiff could have been held without legal process is the acquittal date, which occurred less than two years before Plaintiff filed suit. Accordingly, Plaintiff's false imprisonment claim is not facially time-barred.

      Plaintiff's remaining claims are barred by the statute of limitations. As best as the Court can discern from the sparse allegations in the Complaint, these claims appear to be premised on the June 22, 2012, motor vehicle stop and arrest. Therefore, the limitations period for claims stemming from these incidents expired two years later in June 2014—five years before the Complaint was filed in this action. Accordingly, any claims not related to Plaintiff's imprisonment or prosecution are time-barred.

      In his opposition, Plaintiff contends the statute of limitations should be equitably tolled for any facially time-barred claims because he was wrongfully arrested and detained for five years. (ECF No. 29 at 21.) This argument is unpersuasive. The doctrine of equitable tolling permits "a plaintiff to file their claim even after the statute of limitations has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances," such as "where the complainant has been induced or tricked by his adversary's misconduct into allowing

the filing deadline to pass or . . . has in some extraordinary way been prevented from asserting his rights." *Dabney v. N.J. Dep't of Corr.*, Civ. A. No. 17-8484, 2018 WL 4522044, at *3 (D.N.J. Sept. 21, 2018) (internal citations and quotation marks omitted). Here, the Complaint is devoid of any allegations that would justify application of the equitable tolling doctrine. Plaintiff does not allege Moving Defendants induced or tricked him into allowing the limitations period to lapse. Moreover, courts have found a plaintiff's incarceration "does not constitute exceptional circumstances that would excuse [a p]laintiff from exercising due diligence in pursuing his claims." *McGann v. Collingswood Police Dep't*, No. 10-3458, 2011 WL 2600725, at *4 (D.N.J. June 28, 2011). Therefore, as currently pled, Plaintiff's claims arising out of the June 22, 2012, motor vehicle stop and arrest do not permit application of the equitable tolling doctrine.

Accordingly, only Plaintiff's claims related to his imprisonment and prosecution are not time-barred on their face and warrant further analysis.

### B. Eleventh Amendment Sovereign Immunity

Moving Defendants next contend Plaintiff's claims must be dismissed because they are immune from suit under the Eleventh Amendment. (ECF No. 28-1 at 20–22.) Plaintiff argues Moving Defendants are not entitled to sovereign immunity because the Federal Tort Claims Act ("FTCA") permits "claims with regard to acts or omissions of investigative or law enforcement officers for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." (ECF No. 29 at 12.) The Court disagrees.

"That a State may not be sued without its consent is a fundamental rule of jurisprudence." *Pennhurst*, 465 U.S. at 98 (quoting *Ex parte State of New York*, 256 U.S. 490, 497 (1921)). This protection is afforded by the Eleventh Amendment, which provides "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. States are immune from suits in federal court brought by their own citizens, or citizens of other states, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100–01; *see also Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) ("The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought . . . .").

The Eleventh Amendment also provides sovereign immunity to agencies, departments, and officials of the state when the state is the real party in interest in the suit. *Alabama v. Pugh*, 438 U.S. 781, 781 (1978); *Pa. Fedn. of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002); *Chisolm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001). The state is a real party in interest when "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting or to compel it to act." *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d. Cir. 1989). "In short, sovereign immunity is appropriate if the named defendant is an arm of the state." *Love v. N.J. State Police*, Civ. A. No. 14-1313, 2016 WL 3046257, at *7 (D.N.J. May 26, 2016) (internal citation and quotation marks omitted); *see also Chisolm*, 275 F. 3d at 323. State officials in their official capacities are also immune from suit, "because it is merely another way of pleading an action against the state." *Shahin v. Delaware*, 563 F. App'x 196, 198 (3d Cir. 2014); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). By contrast, the Eleventh Amendment does not bar suits against state officials in their personal capacity because "the plaintiff seeks recovery from the personal assets of the individual," and "the state is not the real party in interest." *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991).

Here, the Eleventh Amendment bars Plaintiff's claims against the State, ECPO, and the individual Moving Defendants in their official capacity. As to the State, Plaintiff does not allege the State consented to suit in this Court or otherwise show that sovereign immunity has been abrogated with respect to any of the claims asserted in the Complaint. Indeed, courts have expressly found Eleventh Amendment immunity applies to both § 1983 and NJCRA claims. *See Docherty v. Cape May Cty.*, Civ. A. No. 15-8785, 2017 WL 3528979, at *4 (D.N.J. Aug. 15, 2017) ("Congress has not abrogated Eleventh Amendment immunity for suits under § 1983."); *Lopez-Siguenza v. Roddy*, Civ. A. No. 13-2005, 2014 WL 1298300, at *5 (D.N.J. Mar. 31, 2014) ("[C]ourts in the District of New Jersey have held that Eleventh Amendment sovereign immunity applies to claims under the NJCRA.")

Moreover, with respect to the ECPO and individual Moving Defendants, "county prosecutor offices and their employees have consistently been afforded immunity from suit pursuant to the Eleventh Amendment when they are performing the 'classic law enforcement and investigative functions for which they are chiefly responsible.'" *Rutty v. City of E. Orange*, Civ. A. No. 18-14599, 2019 WL 397984, at *2 (D.N.J. Jan. 31, 2019) (quoting *Beightler v. Office of Essex Cnty. Prosecutor*, 342 F. App'x 829, 832–33 (3d Cir. 2009)). The Complaint alleges Plaintiff was injured as a result of, *inter alia*, the Moving Defendants' decision to prosecute him. (*See generally* ECF No. 2.) Accordingly, because Plaintiff's claims against the ECPO and individual Moving Defendants, acting in their official capacities, relate to their performance of "classic law enforcement and investigative functions," those claims are barred by the Eleventh Amendment. *Rutty*, 2019 WL 397984, at *2 ("Because ECPO and Laurino's alleged liability is rooted in the decision to initiate a suit against Plaintiffs, which is part of their traditional prosecutorial functions, they are immune from suit.") However, because sovereign immunity does not apply to personal

capacity suits, Plaintiff's claims against the individual Moving Defendants in their personal capacity are not barred by the Eleventh Amendment.

The FTCA does not alter the Court's conclusion. In his opposition, Plaintiff contends the FTCA precludes application of sovereign immunity because the statute "allows claims with regard to acts or omissions of investigative or law enforcement officers for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." (ECF No. 29 at 12.) While "[t]he FTCA operates as a limited waiver of the United States's sovereign immunity," the FTCA only applies to actions asserted against the United States. *Gillie v. Esposito*, Civ. A. No. CV 14-3704, 2016 WL 781144, at *4 (D.N.J. Feb. 29, 2016) (internal citations and quotation marks omitted). Because Plaintiff has not named the United States as a defendant, the FTCA does not apply here.

**C. Moving Defendants' Amenability to Suit Under § 1983 and the NJCRA**

Alternatively, Moving Defendants argue Plaintiff's § 1983 and NJCRA claims must be dismissed because they are not "persons" amenable to suit under either statute. (ECF No. 28-1 at 23–26.) The Court agrees insofar as Plaintiff's claims are asserted against the State, ECPO, and the individual Moving Defendants in their official capacity.

For a defendant to be liable under both § 1983 and the NJCRA, the defendant must be a "person." 42 U.S.C. § 1983; N.J. Stat. Ann. 10:6-2. In *Will v. Michigan Department of State Police*, the Supreme Court held "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," 491 U.S. 58, 71 (1989), and district courts "have consistently interpreted the NJCRA as having incorporated *Will*," *Lopez-Siguenza v. Roddy*, Civ. A. No. 13-2005, 2014 WL 1298300, at *7 (D.N.J. Mar. 31, 2014). Therefore, Plaintiff's § 1983 and NJCRA claims fail

13

as a matter of law against the State, ECPO, and the individual Moving Defendants, acting in their official capacity, because they are not persons amenable to suit under either statute.

### D.  NJTCA

Finally, Moving Defendants argue all of Plaintiff's tort claims must be dismissed pursuant to the NJTCA because, *inter alia*, Plaintiff failed to submit a notice of tort claim. (ECF No. 28-1 at 29–31.) Plaintiff contends he substantially complied with any notice requirement. (ECF No. 29 at 17–19.) The Court agrees with Moving Defendants.

The NJTCA provides, in relevant part, "no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J. Stat. Ann. § 59:8-3. To comply with the NJTCA, a plaintiff asserting a "cause of action for death or for injury or damage to person or to property" must file a notice of claim with the public entity within ninety days of accrual of the claim. N.J. Stat. Ann. § 59:8-8. Failure to comply with the statutory notice provisions can bar a claim, N.J. Stat. Ann. § 59:8-8, and courts in this District routinely dismiss complaints that fail to allege compliance with the notice requirements. *See Polynice v. N.J. Dep't of Corr.*, Civ. A. No. 19-16875, 2020 WL 2764818, at *7 (D.N.J. May 28, 2020) (dismissing negligence claims where complaint failed to allege compliance with NJTCA notice provisions). Furthermore, the notice provisions apply regardless of whether a public employee is sued in his or her official or personal capacity. *See Lassoff v. New Jersey*, 414 F. Supp. 2d 483, 490 (D.N.J. 2006) ("Suits against a public officer in his individual capacity are subject to the notice provisions of the [NJ]TCA . . . .").

The NJTCA's "notice period may be extended by a court upon a finding of 'sufficient reasons constituting extraordinary circumstances for [the plaintiff's] failure to file notice of claim within the period of time prescribed,' but only if the plaintiff files a late notice 'within one year

after the accrual of his claim.'" *Niblack v. SCO Malbreen*, Civ. A. No. 15-5298, 2016 WL 1628881, at *3 (D.N.J. Apr. 25, 2016) (quoting N.J. Stat. Ann. § 59:8-9). In addition, courts may apply the equitable doctrine of substantial compliance where a plaintiff's "'notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute.'" *Meale v. City of Egg Harbor City*, Civ. A. No. 14-5860, 2015 WL 3866222, at *4–5 (D.N.J. June 23, 2015) (quoting *D.D. v. Univ. of Med. and Dentistry of N.J.*, 213 N.J. 130, 159 (2013)).

Here, the Complaint fails to allege compliance with the NJTCA's notice provisions. While Plaintiff argues any technical failure to comply with the notice requirements should be excused under the doctrine of substantial compliance,[4] there are no allegations in the Complaint suggesting the doctrine applies here. Indeed, the Complaint is devoid of any assertion Plaintiff took steps to timely provide written notice to the Moving Defendants. As such, Plaintiff's tort claims are procedurally defective under the NJTCA and are dismissed. The Court need not reach Moving Defendants' remaining NJTCA arguments.

---

[4] Substantial compliance is an equitable doctrine that "prevents the barring of legitimate claims due to technical defects." *Doe v. Bd. of Educ. of Vocational-Tech. Sch. Dist. in Cnty. of Gloucester*, Civ. A. No. 17-13793, 2019 WL 2183860, at *5 (D.N.J. May 21, 2019). To establish substantial compliance with the notice of tort claim requirement, a plaintiff must show: "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute." *Id.* (internal citation and quotation marks omitted). The doctrine "has been limited carefully to those situations in which notice is both timely and in writing." *Id.* at *6 (internal citation and quotation marks omitted). Here, the Complaint does not allege any facts from which the Court may infer Plaintiff provided written notice of his tort claims within the time permitted by the NJTCA. Accordingly, he cannot invoke the doctrine for his tort claims as currently pled.

## IV. CONCLUSION

For the reasons set forth above, Moving Defendants' Motion to Dismiss is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. To the extent Plaintiff can cure the defects identified herein, Plaintiff may file an amended complaint within thirty (30) days of the date of the Order accompanying this Opinion.

**Date: February 23, 2022**                                    */s/ Brian R. Martinotti*
                                                                            **HON. BRIAN R. MARTINOTTI**
                                                                            UNITED STATES DISTRICT JUDGE